UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>            Plaintiff,<br><br>     v.<br><br>RON CARVER, PHILIPS, NAPOR KEOVILAY, SCOTT FRAUENHEIM<br><br>            Defendants. | Case No.  1:19-cv-01517-JLT-HBK (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>14-DAY DEADLINE |

This matter comes before the Court upon periodic review of the file.  Plaintiff who is proceeding pro se and *in forma pauperis*, filed his First Amended Complaint ("FAC") on February 21, 2020.  (Doc. Nos. 15, 18).  The Court determined the FAC stated a claim for a violation of Plaintiff's Eight Amendment rights for a failure to protect or intervene against Defendants John Doe, Philips, and Jane Doe; a medical deliberate indifference claim against Defendant Philips; and a failure to train claim against STRH Administrator/Warden.  Service was directed in accordance with the court's E-Service pilot program for civil rights cases for the Eastern District of California.  (Doc. No. 34).  Through service of the complaint, the California Department of Corrections and Rehabilitation ("CDCR") filed a notice identifying:  John Doe as Ron Carver; Jane Doe as Napor Keovilay; STRH Administrator/Warden as Scott Frauenheim;

1 and advising that CDCR. (Doc. Nos. 36, 37). CDCR further advised that they could not identify an individual by the name "Philips," could not waive service on behalf of Carver and Frauenheim because neither is currently employed by CDCR, but agreed to waive service on behalf of Napor Keovilay. (*Id.*). CDCR provided the last known telephone numbers for Carver and Frauenheim. (*Id.*). Waivers were returned for Napor Keovilay and Scott Frauenheim on July 11, 2022. (Doc. Nos. 39, 40). From June 14, 2022 to July 14, 2022 the United States Marshals Service ("USM") made multiple attempts to effectuate service on Mr. Carver by telephoning his last known phone number and trying to obtain his current address. (Doc. No. 41). However, the USM has not been able to effect service on Mr. Carver. (*Id.*). Similarly, from June 16, 2022 to July 14, 2022 the USM made multiple attempts to identify Defendant Philips to effectuate service. (*Id.*). However, the USM has not been able to identify a "Philips." (*Id.*).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). The time may be extended for good cause shown. *Id*. If a defendant is not served within the requisite time period, after notice to plaintiff, the court *must* dismiss the action without prejudice, or order that service be made within a certain time period. *Id.* (emphasis added).

"*Pro se* litigants must follow the same rules of procedure that govern other litigants." *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, *6-*7 (C.D. Cal. Jun. 4, 2016)(findings and recommendations to dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96387, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)(*overruled* in part by *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2021)) (citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(the failure of a *pro-se* litigant to follow the procedural rules justified the dismissal of the *pro-se* litigant's civil rights action). While prisoners may rely on the U.S. Marshal's Office to serve a defendant, a district court may dismiss a prisoner's civil rights complaint for a failure to effect service when the prisoner plaintiff fails to provide the U.S. Marshals with sufficient information to serve a defendant. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). The rules of civil procedure are "based on the assumption that litigation is normally conducted by

lawyers[;]" however, the rules should not be interpreted in a manner that excuses "mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Plaintiff's Rule 4(m) period did not commence running until the Court authorized service of process and the Clerk of Court gave the USM the service-related documents provided by Plaintiff. *See Thomas*, 2015 U.S. Dist. LEXIS 96365 at *6. Plaintiff's Rule 4(m) period is approaching expiration. As of the date of this order, Plaintiff has not provided the USM with sufficient information to effect service on Defendants Philips and Ron Carver. (*See generally* docket).

Plaintiff must provide an updated address or contact information for Defendants Philips and Ron Carver before his Rule 4(m) period expires. Alternatively, if he wishes, Plaintiff may voluntarily dismiss Defendants Philips and Ron Carver pursuant to Fed. Rule Civ. P. 41. If Defendant cannot effectuate service within his Rule 4(m) period, then he will need to show good cause why Defendants Philips and Ron Carver should not be dismissed under Rule 4(m).

Accordingly, it is **ORDERED**:

1. Within fourteen (14) days of receipt of this this Order, Plaintiff shall provide an updated address or contact information for Defendants Philips and Ron Carver. Alternatively Plaintiff may file a notice of voluntary dismissal as to Defendants Philips and Ron Carver.

2. The Clerk shall substitute Ron carver in place of John Doe, Napor Keovilay in place of Jane Doe, and Scott Frauenheim in place of STRH Administrator/Warden.

Dated:   August 11, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3