UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>    Plaintiff,<br><br>v.<br><br>N. KEOVILAY-SEE, SCOTT FRAUENHEIM, RON CARVER, FNU PHILLIPS,<br><br>    Defendants. | Case No. 1:19-cv-01517-JLT-HBK (PC)<br><br>ORDER REFERRING CASE TO EARLY ADR AND STAY OF CASE<br><br>DEADLINE TO OPT OUT DUE BY: February 9, 2023 |

    Plaintiff Colton Rood is a state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. No. 18, "FAC"). The Court issued Findings and Recommendations finding the FAC stated a cognizable Eighth Amendment claims for failure to protect or intervene against Defendants John Doe, Phillips, and Jane Doe; a medical deliberate indifference claim against Defendant Phillips; and a failure to train claim against STRH Administrator/Warden but no other claims against any other Defendants. (Doc. No. 27). The F&R were adopted in full by the district court. (Doc. No. 33). Through service of the complaint, the California Department of Corrections and Rehabilitation ("CDCR") filed a notice identifying John Doe as Ron Carver; Jane Doe as Napor Keovilay- and STRH Administrator/Warden as Scott Frauenheim. (Doc. Nos. 36, 37). The Court directed service on

May 18, 2022. (Doc. No. 34). Defendants Napor Keovilay and Scott Frauenheim filed their answer on November 2, 2022. (Doc. No. 53).[1]

The Court refers all civil rights cases filed by *pro se* individuals to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. *See also* Local Rule 270. In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR. No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions. The Court therefore will STAY this action for 90 DAYS to allow the parties to investigate Plaintiff's claims, meet and confer, and engage in settlement discussion or agree to participate in an early settlement conference conducted by a magistrate judge. The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference. If, however, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference. If either party opts out or the settlement is unsuccessful the Court will enter a discovery and scheduling order.

Accordingly, it is **ORDERED**:

1. This action will remain **STAYED until further order** to allow the parties an opportunity to settle their dispute. No pleadings or motions may be filed in this case during the stay and the parties shall not engage in formal discovery.

2. **Within 90 days** from the date on this Order, or no later than February 9, 2023, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable. **If either party objects to a settlement conference the Court will LIFT the STAY and issue a scheduling and discovery order.**

---

[1] As of the date of this Order, the Court has been unable to effectuate service upon Defendant Carver and has not been able to identify a Defendant by the name of "Phillips" or "Philips."

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

5. The Clerk of Court shall serve Supervising Deputy Attorney R. Lawrence Bragg with a copy of Plaintiff's first amended complaint (Doc No. 18); the Court's December 21, 2021 Findings and Recommendations and (Doc No. 27) and this Order.

6. The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address.  *See* Local Rule 182(f).

Dated:     November 8, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE