UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>N. KEOVILAY-SEE, SCOTT FRAUENHEIM, RON CARVER, FNU PHILIPS,<br><br>　　　　Defendants. | Case No. 1:19-cv-01517-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBPOENA<br><br>(Doc. No. 50)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE ADDRESSES FOR DEFENDANTS CARVER AND PHILIPS<br><br>60-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint pursuant to 42 U.S.C. § 1983 as screened. (Doc. Nos. 18, 27, 33). Pending before the Court is Plaintiff's motion requesting the Court to issue a subpoena duces tecum upon the California Department of Corrections and Rehabilitation (CDCR). (Doc. No. 50). For the reasons set forth below, Plaintiff's motion is denied.

**BACKGROUND**

Plaintiff's first amended complaint ("FAC") stated a cognizable claim Eighth Amendment claim for a failure to protect or intervene against Defendants Philips, John Doe, and Jane Doe, an Eighth Amendment medical deliberate indifference claim against Defendant Jane Doe, and a failure to train claim against STRH Administrator/Warden. (Doc. Nos. 18, 27). On May 18, 2022, the Court directed service of summons on the defendants. (Doc. No. 34). Through service

1  of the FAC, CDCR filed a notice identifying John Doe as Ron Carver, Jane Doe as Napor
2  Keovilay; and STRH Administrator/Warden as Scott Frauenheim.  (Doc. Nos. 36, 37).  CDCR
3  further advised they could not identify an individual by the name "Philips."  (*Id*.).  From June 14
4  through July 14, 2022, the United States Marshals Service ("USM") made multiple attempts to
5  effectuate service on Mr. Carver, but despite such efforts, they were unsuccessful.  (Doc. No. 41).
6  Similarly, from June 16 through July 14, 2022, the USM made multiple attempts to identify
7  Defendant Philips to effectuate service but were unsuccessful.  (*Id*.).

8  On August 11, 2022, the Court issued an Order to Show Cause directing Plaintiff to
9  provide an updated address or contact information for Defendants Philips and Ron Carver.  (Doc.
10 No. 44).  Alternatively, the Court gave Plaintiff the option to voluntarily dismiss Defendants
11 Philips and Carver.  (*Id*.).  Instead, on September 23, 2022, Plaintiff filed the instant motion.
12 (Doc. No. 50).  Plaintiff requests a subpoena be issued to CDCR requiring CDCR to provide "the
13 full legal names of Correctional Employees ("Ron Carver" and "C.O. Philips") as shown on their
14 driver's licenses, birth certificate and employment application item[.]" (*Id*. at 1).  Plaintiff
15 anticipates the subpoena will provide him with the necessary information to effectuate service on
16 Defendants Carver and Philips.  (*Id*. at 2).

17 **APPLICABLE LAW AND ANALYSIS**

18 "A command in a subpoena to produce documents, electronically stored information, or
19 tangible things requires the responding person to permit inspection, copying, testing, or sampling
20 of the materials."  Fed. R. Civ. P. 45(a)(1)(D).  "If the subpoena commands the production of
21 documents, electronically stored information, or tangible things or the inspect of premises before
22 trial, then before it is served on the person to whom it is directed, a notice and a copy of the
23 subpoena must be served on each party."  Fed. R. Civ. P. 45(a)(4).

24 "Parties may obtain discovery regarding any non-privileged matter that is relevant to any
25 party's claim or defense and proportional to the needs of the case, considering the importance of
26 the issues at stake in the action, the amount in controversy, the parties' relative access to relevant
27 information, the parties' resources, the importance of the discovery in resolving the issues, and
28 whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R.

2

Civ. P. 26(b)(1). Furthermore, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

The USM handles Court requests for service of subpoenas and summons. These requests are burdensome, time-consuming and place significant demands on limited USM resources. Notably, Defendants Keovilay-See and Frauenheim are either current or former CDCR employees. Plaintiff is requesting a subpoena to obtain relevant information needed to effectuate service on Defendant Carver and to identify and effectuate service on Defendant Philips, both who were previously employed by CDCR. As discussed *supra*, such information can be obtained through discovery without a subpoena. *See* Fed. R. Civ. P. 26(b)(1). Further, by using the discovery process to obtain the necessary information to identify and serve Defendants Carver and Philips, the Court will not be placing additional strain on the already limited USM resources.

The Court has previously advised Plaintiff of the requirements of Rule 4(m) of the Federal Rules of Civil Procedure and provided Plaintiff an opportunity to serve Defendants Carver and Philips. (Doc. Nos. 44, 45, 46). The Court will permit Plaintiff the opportunity to engage in discovery to obtain the necessary information to identify addresses for Defendants Philips and Carver and afford Plaintiff one final opportunity to located addresses and/or contact information for Defendants Philips and Carver, before the Court recommends the two unserved Defendants be dismissed pursuant to Fed. R. Civ. P. 4(m).

Accordingly, it is ORDERED:

1. Plaintiff's motion for issuance of a subpoena duces tecum upon the California Department of Corrections and Rehabilitation (Doc. No. 50) is DENIED.

2. Withing **sixty (60) days** of the date of this Order, Plaintiff shall provide the Court with updated addresses or contact information for Defendants Philips and Ron Carver.

Dated:   February 14, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE