UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>            Plaintiff,<br><br>    v.<br><br>N. KEOVILAY-SEE, SCOTT FRAUENHEIM, RON CARVER, FNU PHILLIPS,<br><br>            Defendants. | Case No.  1:19-cv-01517-JLT-HBK (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>FOURTEEN DAY DEADLINE |

This matter comes before the Court upon periodic review of the file.  Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint pursuant to 42 U.S.C. § 1983 as screened.  (Doc. Nos. 27, 33).  Service was directed in accordance with the Court's E-Service pilot program for civil rights for the Eastern District of California.  (Doc. No. 34).  The California Department of Corrections ("CDCR") advised they could not identify an Defendant by the name of "Philips" or "Phillips" and could not waive service on behalf of former CDCR employee, Ron Carver.  (Doc. Nos. 36, 37).  CDCR provided the last known telephone number for Ron Carver as maintained in its records.  (*Id*.).  Despite multiple efforts, the United States Marshals Service ("USM") was unsuccessful in effectuating service on Mr. Carver or identifying a Defendant by the name "Philips." (Doc. No. 41).   On August 12, 2022, the Court issued an Order to Show Cause directing Plaintiff to provide an updated addresses and/or contact

information for Defendants Phillips and Ron Carver and granted Plaintiff an extension of time to serve Defendants Phillips and Ron Carver.  (Doc. Nos. 44-46).  On February 15, 2023, the Court further afforded Plaintiff a final opportunity, through discovery, to identify and provide the Court with updated addresses or contact information for Defendants Phillips and Ron Carver within sixty (60) days or the Court would recommend the dismissal of Phillips and Ron Carver pursuant to Fed. R. Civ. P. 4(m).  (Doc. No. 59 at 3:14-18).

If a defendant is not served within ninety (90) days after a complaint is filed, the court *must*, after notice to the plaintiff, dismiss the action without prejudice.  Fed. R. Civ. P. 4(m) (emphasis added).  "*Pro se* litigants must follow the same rules of procedure that govern other litigants." *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, *6-*7 (C.D. Cal. Jun. 4, 2016)(findings and recommendations to dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96387, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)(*overruled* in part by *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2021)) (citing *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(the failure of a *pro-se* litigant to follow the procedural rules justified the dismissal of the *pro-se* litigant's civil rights action).  Despite being given multiple opportunities, Plaintiff has not provided the Court with an updated address or contact information for Defendants Phillips and Ron Carver and the time to do so has expired.

Accordingly, it is **ORDERED**:

Within **fourteen (14) days** of receipt of this Order, Plaintiff shall provide to the Court an address and/or contact information for Defendants Phillips or Ron Carver absent which the Court will recommend the dismissal, without prejudice, of Defendants Phillips or Ron Carver pursuant to Fed. R. Civ. P. 4(m).

Dated:   May 15, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2