UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>N. KEOVILAY-SEE, SCOTT FRAUENHEIM, RON CARVER, PHILIPS,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01517-JLT-HBK (PC)<br><br>ORDER DIRECTING THE CLERK TO CORRECT DOCKET<br><br>FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANTS PHILIPS AND CARVER UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(M)<br><br>14-DAY DEADLINE |

This matter comes before the Court after Plaintiff failed to respond to the Court's order to show cause. The undersigned recommends that the district court dismiss Defendants Philips and Ron Carver without prejudice pursuant to Federal Rules of Civil Procedure 4(m).

BACKGROUND

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* on his First Amended Complaint pursuant to 42 U.S.C. § 1983 as screened. (Doc. Nos. 27, 33). After screening,[1] the Court directed service of Plaintiff's First Amended Complaint in accordance with the Court's E-Service pilot program for civil rights for the Eastern District of California. (Doc. No. 34). The California Department of Corrections ("CDCR") identified former CDCR employee, Ron Carver

---
[1] The Court found the First Amended Complaint stated cognizable Eighth Amendment claims against John Doe, Philips, Jane Doe, and STRH Administrator/Warden. (Doc. No. 27, 33).

as John Doe but it could not identify an individual by the name of "Philips" or "Phillips" and could not waive service on behalf of Ron Carver.  (Doc. Nos. 36, 37).  CDCR provided the last known telephone number for Ron Carver as maintained in its records.  (*Id*.).  Despite multiple efforts, the United States Marshals Service was unsuccessful in effectuating service on Mr. Carver or identifying a Defendant by the name of "Philips."  (Doc. No. 41).

On August 12, 2022, the Court issued an Order to Show Cause directing Plaintiff to provide an updated address and/or contact information for Defendants Philips and Ron Carver and subsequently granted Plaintiff an extension of time to serve both Defendants.  (Doc. Nos. 44-46).  On February 15, 2023, the Court afforded Plaintiff an opportunity, through discovery, to identify and provide the Court with updated addresses or contact information for Defendants Philips and Ron Carver within sixty (60) days or the undersigned would recommend the dismissal of these Defendants pursuant to Federal Rule of Civil Procedure 4(m).  (Doc. No. 59 at 3:14-18).

On May 15, 2023, after Plaintiff failed to provide the Court with an updated address or contact information for Defendants Philips and Ron Carver, the undersigned issued a second Order to Show Cause directing Plaintiff, within fourteen (14) days of receipt of the Order, to show cause why the Court should not dismiss Defendants Philips and Ron Carver under Federal Rule of Civil Procedure 4(m).  (Doc. No. 61).  As of the date of these Findings and Recommendations, Plaintiff has not provided the Court with an address and/or contact information for Defendants Philips or Ron Carver nor otherwise responded to the Court's May 15, 2023 Order to Show Cause and the time to do so has expired.

APPLICABLE LAW AND ANALYSIS

If a defendant is not served within ninety (90) days after a complaint is filed, the court *must*, after notice to the plaintiff, dismiss the action without prejudice.  Fed. R. Civ. P. 4(m) (emphasis added).  "Pro se litigants must follow the same rules of procedure that govern other litigants."  *Thomas v. Scott*, 2015 U.S. Dist. LEXIS 96365, *6-*7 (C.D. Cal. Jun. 4, 2016) (findings and recommendations to dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015 WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (*overruled* in part by *Lacy v. Maricopa County*, 693

F.3d 896 (9th Cir. 2021)) (*citing Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (the failure of a pro se litigant to follow the procedural rules justified the dismissal of the pro se litigant's civil rights action).

As an incarcerated pro se plaintiff proceeding *in forma pauperis*, Plaintiff is entitled to rely on the U.S. Marshal for service of subpoenas for his unincarcerated witnesses. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). However, it is ultimately Plaintiff's responsibility to provide the Marshal with accurate and sufficient information to effect service. *See Walker v. Sumner*, 14 F.3d 1415, 1421–22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 (1995).

Plaintiff had the opportunity through discovery to ascertain information to effectuate service on Defendants Philips and Ron Carver. Rule 4(m) requires that a defendant be served within 90 days. Fed. R. Civ. P. 4(m). More than a year has passed since the Court ordered service on all Defendants. (*See* Doc. No. 34). Despite Plaintiff engaging in discovery with the Defendants for over 150 days, Plaintiff has neither provided the Court with information to effectuate service on these two Defendants nor shown good cause why further time is needed. The Court issued two show cause orders to Plaintiff, and Plaintiff did not respond to the Court's May 15, 2023 show cause order. (*See* Doc. Nos. 44, 61). The Court provided Plaintiff with sufficient time to effectuate service on Defendants Philips and Carver, but he has failed to do so. The undersigned recommends the district court dismiss Defendants Philips and Carver without prejudice pursuant to Rule 4(m).

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to terminate Defendant Frenosco from the docket in accordance with the district court's May 16, 2022 Order. (Doc. No. 33, ¶2).

It is further **RECOMMENDED**:

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Defendants Philips and Carver be dismissed, without prejudice.

**NOTICE**

These Findings and Recommendations will be submitted to the United States District

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE