UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>N. KEOVILAY-SEE, SCOTT FRAUENHEIM, and RON CARVER, PHILIPS,<br><br>　　　　Defendants. | Case No. 1:19-cv-01517-JLT-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br><br>(Doc. 62) |

　　　Colton James Rood is a state prisoner proceeding pro se and *in forma pauperis*, in this action filed pursuant to 42 U.S.C. § 1983 as screened. (Docs. 27, 33.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　The Magistrate Judge filed Findings and Recommendations, recommending Defendants Philips and Carver be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1] (Doc. 62.) Plaintiff objects to the Findings and Recommendations because, despite the docket indicating he did not respond to the Court's May 15, 2023 Order to Show Cause, he reports submitting a response on May 23, 2023. (Doc. 63 at 2.) Plaintiff attributes his missing response to an unnamed corrections officer likely throwing his response in the trash. (*Id.*

---

[1] Although docketed on August 2, 2023, the Court applies the mailbox rule to prisoners for filing purposes.

1   at 2-3.) Additionally, Plaintiff requests more time to effectuate service on Defendants Philips and
2   Carver stating he had Covid, Pneumonia, and a stomach illness which prevented him from
3   engaging in discovery earlier with Defendants, but at an unidentified time, he sent interrogatories
4   to Defendants. (*Id*. at 1-2.) Plaintiff believes this set of interrogatories will result in him obtaining
5   the needed information to effectuate discovery on Philips and Carver. (*Id*.) Plaintiff further
6   elaborates that if Defendants do not provide an adequate response to his interrogatories, then he
7   will file a motion to compel, "once [he] recover[s] from [his] sickness." (*Id*. at 2.)

8   If a defendant is not served within 90 days after a complaint is filed, the court *must*, after
9   notice to the plaintiff, dismiss the action without prejudice. Fed. R. Civ. P. 4(m) (emphasis added).
10  "Pro se litigants must follow the same rules of procedure that govern other litigants." *Thomas v. Scott*,
11  2015 U.S. Dist. LEXIS 96365, *6-*7 (C.D. Cal. Jun. 4, 2016) (findings and recommendations to
12  dismiss the prisoner plaintiff's case for a failure to effect service adopted by *Thomas v. Scott*, 2015
13  WL 4507255 (C.D. Cal. Jul. 22, 2015)) (quoting *King v.Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)
14  (*overruled* in part by *Lacy v. Maricopa County*, 693 F.3d 896 (9th Cir. 2021)) (*citing Ghazali v.
15  Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (the failure of a pro se litigant to follow the procedural rules
16  justified the dismissal of the pro se litigant's civil rights action).

17  As an incarcerated pro se plaintiff proceeding *in forma pauperis*, Plaintiff is entitled to rely on
18  the U.S. Marshal for service of subpoenas for his unincarcerated witnesses. *See Puett v. Blandford*,
19  912 F.2d 270, 275 (9th Cir. 1990). However, it is ultimately Plaintiff's responsibility to provide the
20  Marshal with accurate and sufficient information to effect service. *See Walker v. Sumner*, 14 F.3d
21  1415, 1421–22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 115
22  (1995).

23  Plaintiff has had more than adequate time to engage in discovery with the Defendants to
24  obtain the information needed to effectuate service on Philips and Ron Carver. Rule 4(m) requires
25  that a defendant be served within 90 days. Fed. R. Civ. P. 4(m). As of today, over 450 days has
26  passed since the Court ordered service on all Defendants. (*See* Doc. 34.) The Court already
27  granted Plaintiff an extension of time to effectuate service on Philips and Carver. (Doc. 45.)
28  Furthermore, despite Plaintiff engaging in discovery with Defendants for over 190 days, he still

has not provided the Court with information to effectuate service on Philips or Carver. Discovery is scheduled to be completed on November 15, 2023, which is less than two months from the date of this order. (Doc. 58.) Plaintiff was given almost the entire length of discovery, which is well over the 90 days prescribed by Rule 4(m), to obtain information to effectuate service on Philips and Carver and Plaintiff still has not provided the Court with any new information. His argument that he will obtain such information when discovery is about to close is unavailing.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendation, filed on July 17, 2023, (Doc. 62) **ARE ADOPTED IN FULL**.
2. Pursuant to Rule 4(m) Defendants Philips and Ron Carver are **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk of Court is directed to terminate Defendants Philips and Ron Carver from the docket.

IT IS SO ORDERED.

Dated: **August 29, 2023**

UNITED STATES DISTRICT JUDGE

3