UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON ROOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. KEOVILAY-SEE and SCOTT FRAUENHEIM,<br><br>　　　　　Defendants. | Case No.  1:19-cv-01517-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(Doc. No. 69)<br><br>ORDER FINDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME MOOT<br><br>(Doc. No. 75) |

　　　　Pending before the Court are Plaintiff's Motion to Compel Discovery and Production of Documents filed on November 20, 2023, and Motion for Extension of Time filed on January 3, 2024.  (Doc. Nos. 69, 75).  Plaintiff is a former state prisoner[1] proceeding pro se on his First Amended Complaint (Doc. No. 18) as screened against Defendants Keovilay-See and Frauenheim.  (Doc. Nos. 27, 33).  For the reasons set forth herein, the Court denies Plaintiff's Motion to Compel and disregards his Motion for Extension of Time.

　　　　In Plaintiff's Motion to Compel, he asserts that Defendants "responded inadequately" to his interrogatories and requests for production that he propounded on March 26, 2023.  (Doc. No. 69 at 1).  As to many of the interrogatory questions, Defendants responded that "the information

---

[1] On January 3, 2024, Plaintiff filed a Notice of Change of Address indicting he had been released from prison. (Doc. No. 74).

1    sought was privileged and/or protected" and did not provide Plaintiff the information he sought.

2    (*Id*. at 1-2).  Plaintiff lists the numerous questions to which he received such a response.  (*Id*. at 2-

3    5).  As to his requests for production, Plaintiff states that Defendants have failed to provide the

4    full names of all Defendants and to produce many of the documents he requested.  (*Id*. at 6-7).

5          In opposition, Defendants state first that Plaintiff did not fulfil his duty to meet and confer

6    before filing a motion to compel and thus his motion is procedurally deficient.  (Doc. No. 72 at

7    2).  Further, they assert that Plaintiff's Motion is untimely because the deadline for filing

8    discovery motions was 14 days of the discovery deadline (i.e., November 15, 2023), making

9    November 1, 2023 the deadline for discovery motions.  (*Id*.).  Finally, Defendants contend that

10   they have satisfied their discovery obligations "because they timely provided responses in

11   accordance with this Court's scheduling order and applicable law" and their assertions of

12   privilege are proper.  (*Id*. at 1, 3-4).

13         On February 14, 2023, the Court issued a Discovery and Scheduling Order ("DSO") in

14   this case.  (Doc. No. 58).  The DSO provided the "Deadline to complete non-expert discovery:

15   November 15, 2023.  Any motions to compel must be filed within fourteen (14) days of this

16   discovery cut-off date."  (*Id*. at 3).  As an initial matter, Plaintiff's Motion was mailed while he

17   was incarcerated affording him the benefit of the mailbox rule.  Thus, although docketed on

18   November 20, 2024, the Motion is deemed filed on the date it was delivered to correctional

19   officials—here, November 8, 2023.  (Doc. No. 69 at 8).  Thus, even applying the mailbox rule,

20   Plaintiff should have delivered his Motion to correctional officials no later than November 1,

21   2023 to comply with the 14-day cutoff date prior to the expiration of the November 15, 2023,

22   discovery deadline.  Thus, the instant Motion is untimely.

23         Even if timely, Plaintiff's Motion to Compel is facially deficient.  The DSO mandated that

24   regarding the filing of a motion to compel, **"The moving party must include certification that**

25   **they have complied with their duty to meet and confer. The failure to include a certification**

26   **will result in the motion being stricken."**  (*Id*. at 2, bold in original).  In addition to this express

27   mandate in the DSO, the requirement that a party confer or attempt to confer with the opposing

28   party to resolve a discovery dispute before filing a motion to compel discovery is set forth in the

procedural rules that govern actions before this Court.  Fed. R. Civ. P. 37(a)(1); *see also* Local Rule 251(b).  It is uncontested that Plaintiff has failed to comply with the meet and confer mandate.  Thus, because Plaintiff failed to comply with the requirement that he meet and confer or attempt to meet and confer with Defendants before filing his Motion to Compel, the Motion is facially deficient, and the Court will deny it on that basis.

As to Plaintiff's Motion for Extension of Time, Plaintiff seeks a 14-day extension of time to comply with any pending deadlines.  There are no current pending deadlines that necessitate an extension of time.  Thus, Plaintiff's request is moot.  To the extent Plaintiff was seeking an extension to the deadline for Plaintiff to file a reply to Defendant's Opposition to his Motion to Compel, that deadline was December 14, 2023.  *See* docket; *see also* E.D. Cal. R. 230(d) (deadline for filing a reply is 10 days after filing of opposition).  Because Plaintiff filed his motion after his release from prison, he is no longer entitled to the mailbox rule.  Plaintiff's Motion for Extension of Time was thus filed on January 3, 2024, nearly three weeks after the deadline to file a reply had passed.  *See* docket.  To the extent Plaintiff seeks an extension of time to reply to Plaintiff's Opposition, that request is untimely, and Plaintiff does not provide any evidence of excusable neglect.  Thus, the Court denies his Motion for an Extension of Time on that basis as well.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to compel discovery (Doc. No. 69) is DENIED.
2. Plaintiff's motion for extension of time (Doc. No. 75) is DENIED as moot.

Dated:   January 7, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3