UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLTON JAMES ROOD,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT FRAUENHEIM and N. KEOVILAY-SEE,<br><br>    Defendants. | 1:19-cv-01517-JLT-HBK (PC)<br><br>ORDER TO SHOW CAUSE<br><br>FEBRUARY 28, 2024 DEADLINE |

    Plaintiff Colton James Rood initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on October 21, 2019, while detained in the Shasta County Jail. (Doc. No. 1). On January 6, 2020, the Court granted Plaintiff's Motion to Proceed *in forma pauperis* under 28 U.S.C. § 1915 and assessed the $350.00 filing fee. (*See* Doc. No. 15). At the time Plaintiff was granted IFP status he was incarcerated at the Shasta County Jail. (Doc. No. 13).

    On January 3, 2024, Plaintiff filed a change of address indicating that he had been released from custody, which the Court independently confirmed through CDCR's Inmate Locator. (*See* Doc. No. 74). On January 9, 2024, the Court issued an order directing Plaintiff to either pay the remaining balance due on the filing fee of $350.00 or complete a new long form *in forma pauperis* ("IFP") application because the fee collection provision of 28 U.S.C. § 1915 was

no longer enforceable against Plaintiff. (Doc. No. 77). The January 9, 2024 Order gave Plaintiff until February 9, 2024 to comply. (*Id*. at 3). As of the date of this Order, Plaintiff has neither filed an updated IFP application nor paid the $350.00 balance due on the filing fee originally assessed, and the time to do so has expired. (*See* docket.)

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Accordingly, it is hereby **ORDERED**:

1. **On or before February 28, 2024,** Plaintiff shall comply with the Court's January 9, 2024 Order, or show cause why the Court should not recommend this case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's January 9, 2024 Order.
2. Plaintiff's failure to timely respond to this Order or seek an extension of time to respond will result in the undersigned recommending the case be dismissed without prejudice under Federal Rule of Civil Procedure 41 and Local Rule 110.

Dated:   February 13, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE