1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**
9                          **EASTERN DISTRICT OF CALIFORNIA**
10

11   COLTON JAMES ROOD,                    Case No. 1:19-cv-01517 JLT HBK (PC)

12                 Plaintiff,              ORDER DENYING PLAINTIFF'S MOTION
                                          TO REOPEN CASE
13          v.
                                          (Doc. 95)
14   SCOTT FRAUENHEIM and
     N. KEOVILAY-SEE,
15
                      Defendants.
16

17          Colton James Rood requests the Court reopen this action, asserting personal

18   circumstances prevented him from timely filing objections to the magistrate judge's Findings and

19   Recommendations.  (Doc. 95 at 1.)  Plaintiff contends that due to his transience, delays in

20   receiving mail forwarded from his mother, and his travel to attend a different court matter in

21   Idaho, he did not timely receive the Court's mail.  (*Id.* at 2.)  Defendants oppose Plaintiff's

22   motion to reopen the action.  (Doc. 96.)  For the reasons set forth below, the motion to reopen this

23   case is **DENIED**.

24   **I.      Background**

25          Colton James Rood initiated this action by filing a complaint under 42 U.S.C. § 1983.

26   (Doc. 1.)  The Court screened Plaintiff's amended complaint and found he stated cognizable

27   claims, the Court directed service of process upon Defendants Philips, Carver, Frauenheim, and

28   Keovilay-See.  (Docs. 27, 34.)  After Plaintiff failed to provide the information required to effect

service on Philips and Carver, the Court dismissed the two pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  (Doc. 64.)  Accordingly, the action proceeded only against Frauenheim and Keovilay-See, who filed a motion for summary judgment on April 8, 2024.  (Doc. 90.) Plaintiff did not oppose the motion.

On August 16, 2024, the magistrate judge issued Findings and Recommendations, recommending the Court grant summary judgment.  (Doc. 92.)  The Court mailed the Findings and Recommendations to Plaintiff's address of record and informed him that any objections were due within 14 days of the date of service.  (*Id.* at 18.)  On September 16, 2024, after Plaintiff failed to file any objections or seek an extension of time in which to do so, the Court conducted a *de novo* review of the action and found the Findings and Recommendations were supported by the record and proper analysis.  (*See* Doc. 93 at 2.)  Therefore, the Court adopted the Findings and Recommendations, entered judgment against Defendants, and closed the case.  (*Id.*; Doc. 94.)

On October 7, 2024, roughly three weeks after the case was closed, Plaintiff filed the pending "Motion to Reopen case."  (Doc. 95.)  Defendants opposed the motion, asserting Plaintiff fails "to meet any of the criteria warranting relief under Rule 60."  (Doc. 96 at 2.)

**II.     Applicable Law**

It appears Plaintiff seeks to alter or amend the Court's order closing the case.  (Doc. 95.) The Court construes the motion as one filed under Rule 59(e) of the Federal Rules of Civil Procedure, because it was filed within 28 days of the Court entering judgment.  *See* Fed. R. Civ. P. 59(e); *see also Moore v. Mortg. Elec. Registration Sys., Inc.*, 650 F. App'x 406, 407 n.1 (9th Cir. 2016) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule, and as a motion under Federal Rule of Civil Procedure 60(b) otherwise)).[1]

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment.  "A district court may grant a Rule 59(e) motion if it 'is presented with newly

---

[1] Defendants' opposition mistakenly interprets the Motion as brought pursuant to Rule 60.

discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)) (emphasis in original).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court.  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted).

### III.   Analysis

Plaintiff requests the Court reopen the case and grant him an extension of time to file objections to the Findings and Recommendations.  (Doc. 95 at 1.)  Plaintiff asserts that he was "unable to meet the deadline due to several unavoidable personal circumstances beyond [his] control." (Doc. 95 at 1.)  He reports his mother receives his mail at her residence in Idaho, and "[s]he then forwards these documents to [Plaintiff] at various locations" because he is "currently transient" without a fixed address.  (*Id.* at 2.)  He asserts that he received the Findings and Recommendations "significantly later than the date of issuance," though he does not clarify the date of receipt.  (*Id.*)  Furthermore, Plaintiff reports that he "was required to travel from California to Idaho to attend to another legal matter" from September 11, 2024, to September 23, 2024, which "further delayed [his] ability to file … objections within the prescribed 14-day period."  (*Id.*)  Plaintiff contends he has now prepared objections and requests "the Court grant… an opportunity to present [his] case, as the issues involved are critical to the protection of [his] constitutional rights under the Eighth Amendment."  (*Id.* at 2-3.)

Liberally construed, Plaintiff appears to argue that his failure to meet the Court's deadline to file objections was due to excusable neglect.  However, "mistake or excusable neglect" is not a recognized basis for Rule 59(e) reconsideration.  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (recognizing manifest error of law or fact, newly discovered evidence or

previously unavailable evidence, manifest injustice, and intervening change in controlling law as cognizable grounds for Rule 59(e) reconsideration); *see also Mendoza v. Garland*, 2023 WL 6050581, at *2 (S.D. Cal. Sept. 15, 2023) (denying Rule 59(e) motion based on mistake or excusable neglect).  Thus, Plaintiff's failure to comply with court deadlines due to extenuating circumstances, by itself, is not a basis for reconsideration or reopening the action.  Moreover, as Defendants point out, Plaintiff not only failed to file objections to the Findings and Recommendations, but also failed to file any opposition to the motion for summary judgment, during the four months period before the Findings and Recommendations were issued.  (*See* Doc. 96 at 2.)  Such a failure cannot be plausibly attributed merely to delays in the forwarding of Plaintiff's mail and instead indicates a failure to prosecute his case.

Plaintiff also fails to set forth facts showing either clear error or that manifest injustice would result if the Court denies his current motion. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D.Or. Aug. 22, 2018) (quoting *In re Oak Park Calabasas Condominium Assoc.*, 302 B.R. 682, 683 (C.D. Cal. 2003)).  Importantly, "[m]anifest injustice, as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue." *All. for Wild Rockies v. United States Forest Serv.*, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020).  Although Plaintiff *now* requests the opportunity "to present [his] case," the time to do so was in response to the motion for summary judgment.  Even now he does not address this failure. He does not set forth any facts to indicate a "direct, obvious and observable" error in the trial court that would constitute manifest injustice.  Thus, he fails to meet his burden to justify reconsideration on that basis.

Ultimately, Plaintiff fails to present any newly discovered evidence, show the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment.  *Wood*, 759 F.3d at 1121.  Rather, Plaintiff merely indicates he disagrees with the findings the Court, without now setting out the bases for his

disagreement.  This is insufficient *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing U*.S. ex rel. Becker v. Westinghouse Savannah River Co*., 305 F.3d 284, 290 (4th Cir. 2002)); *see also Mendoza*, 2023 WL 6050581 at *2.

Finally, to the extent Plaintiff seeks reconsideration of the Court's order granting summary judgment, Local Rule 230(j) requires that applications for reconsideration set forth "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j) (E.D. Cal. 2023).  Plaintiff's motion does not meet the criteria required by precedent and Local Rule 230(j).  He presents no newly discovered evidence, does not show the Court committed a clear error, and there has been no change in the controlling law.  Under these circumstances, "[a] motion for reconsideration should not be granted." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH &Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

**IV.     Conclusion and Order**

For the reasons discussed above, the Court **ORDERS**: Plaintiff's motion to reopen the case, construed as a motion under Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 95), is **DENIED**.  This action shall remain closed.

IT IS SO ORDERED.

Dated:   **November 5, 2024**

UNITED STATES DISTRICT JUDGE